Wardlaw, J.
I concur. The decision goes only to the form of the declaration: but to obviate objections, I state my opinion, that the judgment andjft./a. would be against “William R. Sanders & Company, partners, of whom William G. Speed only has been served with process:” and the plea would be by William G. Speed, that “ William R. Sanders & Company did not promise, &c.”
Withers, J.
The question is, whether the liability to pay *396 shall be alleged against both co-partners, or against the resident co-partner. I deem the latter the true course — so that verdict, judgment and execution may go against the resident co-partner, as such. That would subject the co-partnership effects to the fi. fa., and that is all which a plaintiff deserves, or is entitled to, where he can serve process only on a resident partner. Such a judgment and fi. fa. may bind the private estate of that partner. But if the notion of the defendant’s counsel prevails, the declaration would, charge both partners, as if both were served, the judgment and execution would follow accordingly, for they must conform — and we should heave in the hands of the sheriff a fi. fa. to bind both partners equally, and in the same manner, and how could he know anything of the record in the Clerk’s office?
How would the plea of the general issue go in these cases? Not, I apprehend, in the name of both, when one only is sued. Could a ca. sa. go against the absent partner ?
The partner served cannot confess judgment for the firm. Can it be rendered against them by service upon one ?
It is one thing to lay the promises by both, and another to lay the liability to verdict and judgment against both, when one only is served.